IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HORIZON DISTRIBUTORS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1588-O |
| | § | |
| GP&E OPERATING, LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Request for Entry of Default ("Pl.'s Req.") and Motion for Default Judgment ("Pl.'s Mot.") filed November 30, 2007 (Doc. # 28). Having reviewed these filings and the applicable law, the Court finds that Plaintiff's Request for Entry of Default and Motion for Default Judgment should be and are hereby **GRANTED.**

**I.     Factual and Procedural Background**

This action arises from a suit on a sworn account. Plaintiff, Horizon Distributors ("Plaintiff") is a wholesale distributor of irrigation and landscape supplies organized under the laws of the State of Delaware with its principal place of business in Chandler, Arizona. (Pl.'s Comp. at 2). Defendant, GP&E ("Defendant") is an irrigation contractor incorporated in Texas as a domestic limited partnership with its principle place of business located in Dallas County, Texas. *Id.* On or about April 29, 2006, Defendant executed a credit application ("application") with Wickham Supply, Inc. ("Wickham"). *Id.* This application set forth the terms by which Wickham would provide goods and supplies to Defendant, the terms by which Defendant would pay for the goods and supplies, and the rights and remedies available to Wickham if Defendant

1

failed to comply with payment terms. *Id.* On or about August 3, 2006, Horizon entered into an Agreement and Plan of Merger with Wickham whereby Plaintiff and Wickham merged and Plaintiff became the successor in interest to Wickham and succeeded in all rights of Wickham under the application. *Id.* at 3. Between the months of April 2007 and August 2007, Defendant purchased irrigation supplies from Plaintiff. *Id.* Plaintiff delivered the goods and submitted approximately 150 invoices to Defendant for which a balance of $639,134.23 is due. *Id.* Despite proper demands, Defendant has not tendered payment. *Id.* On September 17, 2007, Plaintiff filed a lawsuit in federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a) to collect the debt owed by Defendant. *See* Doc. No. 1 (3:07-CV-1588-O) (N.D. Tex. Sept. 17, 2007). On the same date, the Clerk of the Court issued a summons. *See* Doc. No. 2 (3:07-CV-1588-O) (N.D. Tex. Sept. 17, 2007). On November 14, 2007, Plaintiff filed proof of service, which reflects Defendant was served with a copy of the summons and complaint on October 29, 2007. *See* Doc. No. 6 (3:07-CV-1588-O) (N.D. Tex. Nov. 14, 2007); *see also* Pl.'s App. at Ex. D.

Defendant did not file an answer or other responsive pleading within twenty (20) days of the October 29, 2007 date of service as required by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Plaintiff seeks a default judgment in monetary relief for actual damages, attorney's fees, and costs of court as pleaded in its complaint. (Pl.'s Mot. at 4). Defendant did not file any response to Plaintiff's motion for default judgment. The issue is now ripe for consideration.

## II. Discussion

### A. Legal Standard

An entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). In order to obtain a default judgment, a plaintiff may apply to the clerk of the court or to the Court. *See* FED. R. CIV. P. 55(b). In the instant case, Plaintiff applied to the Court. (Pl's. Mot.). The Court must first determine whether entry of default is warranted before determining whether a default judgment should be entered. FED. R. CIV. P. 55(b); *See also New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (providing a review of the terms regarding default).

### B. Defendant is in Default

A defendant must file a reply to the complaint within twenty (20) days of service. FED. R. CIV. P. 12(a)(1)(A)(i). If a defendant, who has been properly served, "fail[s] to plead or otherwise defend" within this timeframe, he is considered to be in default. FED. R. CIV. P. 55(a). The facts in the instant case demonstrate that Defendant is in default.

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Subsection (2) of Rule 4 provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint. FED. R. CIV. P. 4(c)(2). Various provisions under Rule 4 describe the method of service for particular defendants. When the defendant is a corporation, partnership, or association, Federal Rule of Civil Procedure 4(h)(1) allows for service in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) allows

for service according to the law of the state in which the district court is located. Under this rule, service of process on a domestic limited partnership like Defendant must comply with the Texas rules governing service. Texas law provides that "[i]f a [limited partnership]'s registered agent cannot with reasonable diligence be found at the registered office, and if a general partner of the limited partnership cannot with reasonable diligence be found, the secretary of state is an agent of the limited partnership on whom any process, notice, or demand may be served." Tex. Rev. Civ. Stat. Ann. Art. 6132a-1, § 1.08 (Vernon Supp. 2006). Under this rule, after reasonable diligence, service of process for the Defendant could be effectuated by serving the Texas Secretary of State.

Defendant and its registered agent and general partner, Harvey C. Sherman III, proved elusive for service of process. (Pl.'s Req. at 1, Pl.'s Ex. B, Pl.'s Ex. G). On October 25, 2007, Plaintiff filed an affidavit describing the attempts made to serve them. *See* Doc. No. 4 (3:07-CV-1588-O) (N.D. Tex. Oct. 25, 2007). From approximately September 19, 2007 through October 8, 2007, Plaintiff made nine attempts to personally serve Defendant's agent at Defendant's registered office address, Defendant's other business address, and the residential address of Defendant's registered agent. (Pl.'s Ex. B). The process servers encountered locked offices with the lights out and gated complexes preventing access to the premises. *Id.*

Because the record shows that Plaintiff diligently attempted personal service of process numerous times on Defendant without success, Plaintiff could resort to service through the Secretary of State. *See* Tex. Rev. Civ. Stat. Ann. Art. 6132a-1, *supra* at § 1.08. On October 29, 2007, Plaintiff served a copy of the summons and the complaint on the Secretary of State. *See* Doc. No. 6 (3:07-CV-1588-O) (N.D. Tex. Nov. 14, 2007); *see also* Pl.'s App. at Ex. D and at Ex.

4

E. The Secretary received the summons and complaint and forwarded it by certified mail, return receipt requested, to Defendant. (Pl.'s Ex. C). On November 6, 2007, the Secretary received the return receipt bearing the signature of Defendant's agent.[1] (Pl.'s Ex. D). On November 14, 2007, proof of this service was filed with the Court. Doc. No. 6 (3:07-CV-1588-O) (N.D. Tex. Nov. 14, 2007). Accordingly, the Court finds that Plaintiff properly effected service of process on Defendant. *See* Doc. No. 6 (3:07-CV-1588-O) (N.D. Tex. Nov. 14, 2007); *see also* Pl.'s App. at Ex. D and at Ex. E. Having been properly served, Defendant failed to respond or otherwise appear. Therefore, the Court finds entry of default is proper.

**C.** **Default Judgment**

Having found that Defendant is in default, the Court will next examine whether entry of a default judgment should follow. The Fifth Circuit has held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Based on that legal premise, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

A district court in the Fifth Circuit looks to the following six factors when considering whether to grant a default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and

---

[1] The Return of Service indicates that the summons was served on the defendants within 120 days after the complaint was filed on September 17, 2007. *See* FED. R. CIV. P. 4(m).

(6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998) (holding that a district court did not commit an abuse of discretion when denying a motion for default judgment when the factors on balance weighed against granting the motion).

As of the date of this Order, Defendant has offered no suggestion that its failure to appear is the product of "a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. In fact, the Defendant has seemingly ignored the complaint. Defendant's failure to respond to this complaint does not place any material issues of fact into dispute. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Thus, the Court is of the opinion that the procedural prerequisites to entering default judgment are satisfied.

The Federal Rules of Civil Procedure provide that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. FED. R. CIV. P. 54(c). In other words, the relief prayed for in a complaint cabins the relief available on default judgment. Here, Plaintiff submitted records and an affidavit in support of its suit on a sworn account. (Pl. Ex. A-1). In its Motion, the Plaintiff requests the Court enter judgment for actual damages in the amount of $639,134.23, reasonable and necessary attorney's fees in the amount of $3893.50, and costs of court. (Pl.'s Mot. at 4).

First, the Court finds that the requested relief is appropriate, given the efforts made by the Plaintiff to collect the outstanding debt owed to it by Defendant. Second, while the award of attorney's fees is a matter of the court's discretion, the Court finds no reason why Plaintiff should not be awarded attorney's fees and costs pursuant to Tex. Civ. Prac. & Rem. § 38.001

(permitting the recovery of reasonable attorney's fees, in addition to the amount of a valid claim and costs, if the claim is for, among other things, a sworn account). Plaintiff's attorney, Bradley A. Waters, submitted an affidavit attesting the reasonableness of this request and provided a redacted, itemized accounting of the work done on behalf of Plaintiff. (Pl.'s Ex. E-2). Therefore, the Court is of the opinion that Plaintiff's requests are reasonable and should be, and are hereby, granted.

### III. Conclusion

Based on the foregoing analysis of facts and legal principles, the Court concludes that the Plaintiff's Request for Entry of Default and Motion for Default Judgment should be **GRANTED.** Accordingly, the Court will enter a default judgment consistent with its findings herein.

**SO ORDERED** on this **6th** day of **June, 2008.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**